UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:26-CR- 116 |
| | : | |
| v. | : | |
| | : | (Judge Mehalchick ) |
| SHAITQ SHA RON CRUM, | : | |
| a/k/a, "Splash," | : | |
| NASIR SHELTON, | : | **FILED** |
| a/k/a, "Nas," | : | **SCRANTON** |
| ALPHONSE BARTIROMO, | : | |
| a/k/a, "Alphy," and | : | MAY 2 6 2026 |
| BRENDAN SHADLE, | : | JKC |
| a/k/a, "Spook," | : | PER_____ |
| | : | DEPUTY CLERK |
| Defendants. | : | |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
18 U.S.C. § 371
(Conspiracy to Possess and Transfer Machineguns)

I.   **General Allegations**

At times material to this Indictment:

1.   A "machinegun" was defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 18 U.S.C. § 921(a)(24); 26 U.S.C. § 5845(b). Section 5845(b)

also provided that a "machinegun" includes "the frame or receiver of any such weapon, any part designed or intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

2. A "Glock switch" or "switch" were terms commonly used to describe what was generally known as a machine gun conversion device that is designed and intended to convert a handgun into a machinegun and allows it to function as an automatic weapon. A "Glock switch" included a switch made with a 3D printer without any Glock branding on the switch itself.

3. An "auto sear" or "sear" was a term commonly used to describe what was generally known as a machine gun conversion device that is designed and intended to convert an AR-platform firearm into a machinegun and allow it to function as an automatic weapon.

4. A "3D printer" was a computer-controlled machine that created three-dimensional physical objects by depositing materials, such as plastic, carbon fiber filament, and other materials, layer upon

2

layer based on a digital 3D model. 3D printers were used to manufacture Glock switches and other machinegun conversion devices in addition to firearms and firearm parts, such as a frame or receiver.

5. A "privately made firearm," also known as a "ghost gun," was a firearm, including a frame or receiver, completed, assembled, or otherwise produced by a person other than a licensed manufacturer, and without a serial number placed by a licensed manufacturer at the time the firearm was produced.

## II. Statutory Allegations

6. From in or around October 2025, through in or around May 2026, in Luzerne County, within the Middle District of Pennsylvania, and elsewhere, the defendants,

**SHAITQ SHA RON CRUM,**
a/k/a, "Splash,"
**NASIR SHELTON,**
a/k/a, "Nas,"
**ALPHONSE BARTIROMO,**
a/k/a, "Alphy," and
**BRENDAN SHADLE,**
a/k/a, "Spook,"

did unlawfully, knowingly, and intentionally conspire, combine, confederate, and agree with each other and persons known and unknown to the Grand Jury to commit an offense against the United

3

States, that is, to knowingly transfer and possess a machinegun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## III. Objects of the Conspiracy

7.    The objects of the conspiracy were for the Defendants to manufacture machineguns, possess machineguns, and enrich themselves by transferring machineguns in exchange for United States currency.

## IV. Manner and Means

8.    The objects of the conspiracy were accomplished, in part, by the following manner and means:

a.    Defendants obtained machineguns from multiple sources and sold the machineguns for profit.

b.    Defendants manufactured machineguns using 3D printers and sold the manufactured machineguns for profit.

c.    Defendants obtained firearms from multiple sources and equipped the firearms with a machine gun conversion device to make the firearms fully automatic and, at other times, sold firearms and machine gun conversion devices separately, intended for later assembly by the purchaser.

4

d.    Defendants brokered machinegun sales, which often included a broker fee for the broker in addition to the price of the machinegun paid to the transferor.

## V.    Overt Acts

9.    In furtherance of the conspiracy, and to effect the objects thereof, the defendants committed and caused to be committed the following overt acts, among others, in the Middle District of Pennsylvania, and elsewhere:

a.    On or about October 15, 2025, CRUM provided Individual 1 with an internet link to purchase atomic filament carbon fiber to be used by CRUM and SHELTON to manufacture Glock switches with a 3D printer.

b.    On or about November 14, 2025, CRUM provided Individual 1 with a link to computer code to be deployed for use by a 3D printer by SHELTON and others to 3D print Glock switches.

c.    On or about November 17, 2025, SHELTON sold a Glock switch to Individual 1.

d.    On or about December 4, 2025, SHELTON sold two Glock switches to Individual 1.

5

e.    On or about December 9, 2025, SHELTON sold five Glock switches to Individual 1.

f.    On or about January 28, 2026, SHELTON sold 30 Glock switches to Individual 1.

g.    On or about February 4, 2026, CRUM transported Individual 1 to BARTIROMO's residence to purchase an AR-style pistol equipped with a machinegun conversion device and ammunition, which BARTIROMO did sell to Individual 1.

h.    On or about February 10, 2026, SHELTON sold 40 Glock switches to Individual 1.

i.    On or about February 19, 2026, BARTIROMO sold Individual 1 an AR-style pistol with an obliterated serial number and ammunition, and later, on or about March 26, 2026, provided Individual 1 with an auto-sear to be inserted into the pistol to make it fully automatic.

j.    On or about March 5, 2026, CRUM sold Individual 1 four Glock switches.

k.    On or about March 5, 2026, CRUM called SHADLE to connect SHADLE with Individual 1 so SHADLE could sell Individual 1

6

10 Glock switches. On or about the same day, SHADLE sold Individual 1 10 Glock switches.

l.    On or about March 12, 2026, SHADLE sold Individual 1 30 Glock switches and one auto-sear.

m.    On or about March 19, 2026, SHADLE sold Individual 1 a 9mm privately made firearm, also known as a "ghost gun," equipped with a Glock switch, and ammunition.

n.    On or about March 26, 2026, CRUM transported Individual 1 to BARTIROMO's residence so BARTIROMO could sell Individual 1 three pistols, ammunition, three Glock switches, and an auto-sear. On or about the same day, BARTIROMO sold Individual 1 three pistols, ammunition, three Glock switches, and an auto-sear.

o.    On or about May 6, 2026, SHELTON sold Individual 1 70 Glock switches.

All in violation of Title 18, United States Code, Section 371.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
### 18 U.S.C. § 922(o)
#### (Illegal Possession & Transfer of a Machine Gun)

7

On or about November 17, 2025, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**NASIR SHELTON,**
a/k/a, "Nas,"

did knowingly possess and transfer a machinegun, that is, a gray Glock switch, a part and combination of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 3
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about December 4, 2025, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**NASIR SHELTON,**
a/k/a, "Nas,"

did knowingly possess and transfer machineguns, that is, two Glock switches, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about December 9, 2025, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

### NASIR SHELTON,
a/k/a, "Nas,"

did knowingly possess and transfer machineguns, that is, five Glock switches, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 5
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about January 28, 2026, in Luzerne County, within the

9

Middle District of Pennsylvania, the defendant,

## NASIR SHELTON,
a/k/a, "Nas,"

did knowingly possess and transfer machineguns, that is, 30 black Glock switches, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## THE GRAND JURY FURTHER CHARGES:

### COUNT 6
18 U.S.C. § 933
(Trafficking in Firearms)

On or about February 2, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

## SHAITQ SHA RON CRUM,
a/k/a, "Splash," and
## ALPHONSE BARTIROMO,
a/k/a, "Alphy,"

did ship, transport, cause to be transported, or otherwise disposed of a firearm, that is, a 9mm pistol privately made firearm, also known as a

"ghost gun," to Individual 1 in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of the firearm by Individual 1 would constitute a felony (as defined in Title 18, United States Code, Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a), 933(b), and 2.

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 7
18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about February 2, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**SHAITQ SHA RON CRUM,**
**a/k/a, "Splash,"**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a 9mm pistol privately made firearm, also known as a "ghost gun," in and affecting commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and

11

924(a)(8).

THE GRAND JURY FURTHER CHARGES:

## COUNT 8
18 U.S.C. § 933
(Trafficking in Firearms)

On or about February 4, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

**SHAITQ SHA RON CRUM,**
a/k/a, "Splash," and
**ALPHONSE BARTIROMO,**
a/k/a, "Alphy,"

did ship, transport, cause to be transported, or otherwise disposed of a firearm, that is, a Lanco Tactical AR-15 model LT15 pistol with an obliterated serial number to Individual 1 in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of the firearm by Individual 1 would constitute a felony (as defined in Title 18, United States Code, Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a), 933(b), and 2.

12

THE GRAND JURY FURTHER CHARGES:

## COUNT 9
18 U.S.C. § 922(k)
(Possession of a Firearm with an Obliterated Serial Number)

On or about February 4, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

**SHAITQ SHA RON CRUM,**
**a/k/a, "Splash," and**
**ALPHONSE BARTIROMO,**
**a/k/a, "Alphy,"**

did knowingly and intentionally possess a firearm, that is, a Lanco Tactical AR-15 model LT15 pistol with an obliterated serial number, which had the manufacturer's serial number removed and obliterated and which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(k), 924(a)(1), and 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 10
18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

13

On or about February 4, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**SHAITQ SHA RON CRUM,**
a/k/a, "Splash,"

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Lanco Tactical AR-15 model LT15 pistol with an obliterated serial number, said firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 11
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about February 10, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**NASIR SHELTON,**
a/k/a, "Nas,"

14

did knowingly possess and transfer machineguns, that is, 40 black Glock switches, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 12
18 U.S.C. § 933
(Trafficking in Firearms)

On or about February 18, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

### ALPHONSE BARTIROMO,
a/k/a, "Alphy,"

did ship, transport, cause to be transported, or otherwise disposed of a firearm, that is, a MAG Tactical System LLC AR-15 pistol bearing SN MTS07810 to Individual 1 in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of the firearm by Individual 1 would

15

constitute a felony (as defined in Title 18, United States Code, Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a) and 933(b).

## THE GRAND JURY FURTHER CHARGES:

### COUNT 13
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about March 5, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**SHAITQ SHA RON CRUM,**
a/k/a, "Splash,"

did knowingly possess and transfer machineguns, that is, four Glock switches, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

16

THE GRAND JURY FURTHER CHARGES:

## COUNT 14
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about March 5, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**BRENDAN SHADLE,**
**a/k/a, "Spook,"**

did knowingly possess and transfer machineguns, that is, 10 Glock switches, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 15
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about March 12, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

**BRENDAN SHADLE,**
**a/k/a, "Spook,"**

17

did knowingly possess and transfer machineguns, that is, 30 Glock switches and an auto-sear, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 16
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of a Machinegun)

On or about March 19, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

### BRENDAN SHADLE,
a/k/a, "Spook,"

did knowingly possess and transfer a machinegun, that is, a 9mm privately made firearm without a serial number, also known as a "ghost gun," equipped with a Glock switch, a weapon which shoots, is designed to shoot, and can be readily restored to shoot, automatically more than one shot, without manual reloading, by single function of the trigger,

18

and a part and combination of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 17
18 U.S.C. § 933
(Trafficking in Firearms)

On or about March 26, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendants,

**SHAITQ SHA RON CRUM,**
a/k/a, "Splash," and
**ALPHONSE BARTIROMO,**
a/k/a, "Alphy,"

did ship, transport, cause to be transported, or otherwise disposed of firearms, that is, a Glock 42 .380 caliber pistol bearing serial number ABLG637, a SIG Sauer P238 .380 caliber pistol bearing serial number 27A02746, and a LifeCard .22 caliber pistol bearing serial number 47652, to Individual 1 in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of the firearms by Individual 1 would

19

constitute a felony (as defined in Title 18, United States Code, Section 932(a)).

In violation of Title 18, United States Code, Sections 933(a), 933(b) and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 18
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about March 26, 2026, in Columbia County, within the Middle District of Pennsylvania, the defendants,

**SHAITQ SHA RON CRUM,**
a/k/a, "Splash," and
**ALPHONSE BARTIROMO,**
a/k/a, "Alphy,"

did knowingly possess and transfer machineguns, that is, three Glock switches and an auto-sear, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o), 924(a)(2), and 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 19
18 U.S.C. § 922(o)
(Illegal Possession & Transfer of Machineguns)

On or about May 6, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

## NASIR SHELTON,
a/k/a, "Nas,"

did knowingly possess and transfer machineguns, that is, 70 black Glock switches, parts and combinations of parts designed and intended solely and exclusively for use in converting a weapon into a machinegun.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 20
18 U.S.C. § 933
(Trafficking in Firearms)

On or about May 12, 2026, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

## SHAITQ SHA RON CRUM,

21

a/k/a, "Splash,"

did ship, transport, cause to be transported, or otherwise disposed of

firearms, that is, a Glock 43 handgun bearing serial number AKAC281,

to Individual 1 in and otherwise affecting interstate and foreign

commerce, knowing and having reasonable cause to believe that the

use, carrying, or possession of the firearm by Individual 1 would

constitute a felony (as defined in Title 18, United States Code, Section

932(a)).

In violation of Title 18, United States Code, Sections 933(a) and

933(b).


THE GRAND JURY FURTHER CHARGES:

COUNT 21
18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about May 12, 2026, in Luzerne County, within the Middle

District of Pennsylvania, the defendant,

**SHAITQ SHA RON CRUM,**
a/k/a, "Splash,"

knowing that he had been convicted of a crime punishable by

imprisonment for a term exceeding one year, did knowingly possess a

22

firearm, that is, a Glock 43 handgun bearing serial number AKAC281, said firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 21 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 371, Title 18, United States Code, Section 922(o), Title 18, United States Code, Section 933, Title 18, United States Code Section 922(g)(1), and Title 18, United States Code, Section 922(k), the defendants,

SHAITQ SHA RON CRUM,
a/k/a, "Splash,"
NASIR SHELTON,
a/k/a, "Nas,"
ALPHONSE BARTIROMO,
a/k/a, "Alphy," and
BRENDAN SHADLE,
a/k/a, "Spook,"

shall forfeit to the United States of America any property constituting or derived from any proceeds traceable to the commission of the offense; and any firearms and ammunition involved in the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

a. Black 9mm pistol privately made firearm without a serial number, also known as a "ghost gun,";

b. Lanco Tactical AR-15 model LT15 pistol with an obliterated serial number;

c. MAG Tactical System LLC AR-15 pistol bearing SN MTS07810;

d. 9mm privately made firearm without a serial number, also known as a "ghost gun," equipped with a Glock switch;

e. Glock 42 .380 caliber pistol bearing serial number ABLG637;

f. SIG Sauer P238 .380 caliber pistol bearing serial number 27A02746;

24

g.    LifeCard .22 caliber pistol bearing serial number 47652;

h.    Glock 43 handgun bearing serial number AKAC281;

i.    Glock switches and auto-sears; and

j.    3D printers.

If any of the forfeitable property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

25

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

BRIAN D. MILLER
United States Attorney

KYLE A. MORENO
Assistant United States Attorney

May 26, 2026
Date

26